UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL FREEMAN SNIPES and
PAMELA S. ANTON,

       Plaintiffs,                          Case No. 01-40098; 01-40213

vs.                                              HONORABLE PAUL V. GADOLA
                                                   HONORABLE STEVEN D. PEPE

SBC GLOBAL SERVICES, INC.,

       Defendant.
_____/

MEMORANDUM OPINION AND ORDER AWARDING EXPENSES (#140)

      Following an in-person hearing held on April 27, 2005, and in an order of that date, Plaintiffs' motion for sanctions was granted with an alternate monetary sanctions of the costs of Plaintiffs' counsel for time spent from February 3, 2005, through February 11, 2005, preparing a motion for sanctions regarding Judge Gadola's order. Judge Gadola's January 28, 2005, order stated:

> by February 3, 2005, Plaintiffs shall produce Plaintiffs' exhibit 20 to Defendant, and Defendant shall produce Defendant's exhibits 4, 5, and the last known home addresses of former SBC employees that appear on the witness lists.

Defendants had earlier provided a Lotus Notes version of exhibit 5 on August 29, 2002, which Plaintiff's counsel was unable to open and access. Plaintiff's counsel filed no follow up motions regarding this issue. At the final pretrial it was discussed which led to the January 28 order.

      Defense counsel obtained another exhibit 5 for his review to assure it contained the

2000 Sales Compensation Library and Administrative Guidelines before providing this second copy to Plaintiffs' counsel.  In October 2002, he had also checked the Lotus Notes version of this exhibit he provided to Plaintiffs' counsel at that time. On January 30, 2005, lead defense counsel got the flu.  He contacted Plaintiff's counsel to indicate he thought he could comply with Judge Gadola's order by February 4.  As lead counsel, he did not want to delegate the decision making on what portions of exhibit 4 the defense wanted to use at trial.  Defense counsel did not return to work until February 7, and an urgent matter for another client of his firm resulted in his response being further delayed until February 11, 2005.  Defense counsel did not again contact Plaintiffs' counsel about the further delay nor assure him of production of the exhibits ordered.  In this period, Plaintiffs' counsel took steps to file the current motion.

     Counsel did talk on February 11, and defense counsel produced the two exhibits on that afternoon.  Defense counsel also explored converting the exhibit to another format other than Lotus Notes, but discovered that was not economically feasible without changing the formatting.  Plaintiffs' counsel again could not open exhibit 5 in the Lotus Notes format.  At the April 27 hearing, to assure that defense counsel had complied with Judge Gadola's order regarding exhibit 5, albeit in a tardy fashion, the undersigned asked the deputy clerk to see if exhibit 5 could be opened and reviewed on the Court's Lotus Notes system.  It could.  Plaintiffs' request that defendant purchase the Lotus Notes software for them to access this exhibit was denied noting that Fed. R. Civ. P. 34 requires "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business . . ." and this was done.  It was noted further that if Plaintiffs wanted to view the exhibit again using defendant's computer equipment, as had been done at the August 29, 2002, deposition of Tedd

Payne, that would be ordered.  The Court did order a paper copy be provided with the acknowledgment that the formatting would be different than what is seen on a computer screen using Lotus Notes.  It appears that this could have been agreed to without court intervention.

Yet, because of defense counsel not contacting Plaintiff's counsel again when he knew his estimated date of production was no longer feasible, and because of his choice to turn his attentions to the needs of another client when he was finally well enough to return to work, it was ordered on April 27 that his law firm pay the expenses of Plaintiffs' counsel from February 2 through February 11, for preparing the current motion regarding Judge Gadola's order.

Plaintiffs' counsel has provided itemized billing statements for all services rendered regarding the motion.  Plaintiffs' counsel did not obtain the relief sought in that motion, and is thus not be awarding full costs, but only those for time spent between February 2 and 11, which could have been avoided had he been assured he would get the exhibits.  Plaintiffs' counsel's choice to pursue the motion after February 11, when Judge Gadola's order was finally complied with, is a cost neither Defendant nor defense counsel need bear because the relief Plaintiffs' sought in the motion was substantially denied.

From a prior sanctions motion, it is noted that Plaintiffs' counsel divides expenses for legal services for both of his clients into separate statements for each.  The submission of Plaintiffs' counsel shows $770 in attorney fees and $24 in costs related to the motion in the periods February 2-11 for each client, or a total of  $1,760 in attorney fees and $48 in costs.  These figures are found to be reasonable.  To the extent the prior order did not specify the inclusion of costs, that omission is corrected and superceded by this order.

3

Accordingly, the law firm of Dickinson Wright PLLC shall pay to Plaintiffs' counsel $1,808 in expenses as ordered on April 27, 2005.

S<small>O</small> O<small>RDERED</small>.


Dated: May 6, 2005                            s/Steven D. Pepe
Ann Arbor, Michigan                    United States Magistrate Judge

Certificate of Service

I hereby certify that on May 6, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michelle Alamo, David Deromedi, Maurice Jenkins, David Lawrence, Mark Peyser, and Kathryn Wood.

                                                      s/William J. Barkholz
                                                      Courtroom Deputy Clerk